**ACTION TO ENFORCE A CONTRACT FOR SALE OF REALTY.**

Circuit Court of Cuyahoga County.

GEORGE W. SMITH v. LILLIAN M. COTTON.

Decided, November 30, 1909.

*Specific Performance—Contract Must be Enforceable Against Both Parties—Discretion to Refuse Specific Performance.*

1. A contract for the sale of realty is not specifically enforceable in equity at the suit of either party, unless it be enforceable also at the suit of the other.

2. In such suit, if it appears that there is any want of clearness, or any unfairness in the contract so sought to be enforced, it rests in the sound discretion of a court of equity to refuse specific performance.

*Smith, Taft & Arter*, for plaintiff in error.
*Henderson, Quail & Siddall*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

We have reached the conclusion in this case that the motion interposed by the defendants at the conclusion of the plaintiff's evidence, for judgment dismissing the petition, should be granted.

A contract for the sale of realty is not specifically enforceable in equity at the suit of either party, unless it be enforceable also at the suit of the other.

Moreover, if it appears that there is any want of clearness or any unfairness in the contract so sought to be enforced, it rests in the sound discretion of a court of equity to refuse specific enforcement.

The last clause of the contract upon which this action is founded, is as follows:

"It is further agreed that party of the first part will remain as a stockholder and act as manager for the Euclid-Genesee Realty Company, for a period of five (5) years, at a compensation of twelve hundred dollars ($1,200) per year, as heretofore."

If this language creates any actual or intended contractual relation between the parties we think it is so inseparably connected with the remainder of their agreement as to preclude its being considered an independent covenant or contract.

It is highly improbable that the defendants would have contracted for the services of the plaintiff except in connection with their acquisition from him of the stock in the corporation to which those services were to be rendered.

Neither can we assume that they would have bargained for the stock in exchange for their land unless they should secure the services of the plaintiff in connection therewith. The stock and the services together must be deemed to be the consideration for the land which they were selling.

Construing, therefore, the entire contract with reference to this clause, if it shall appear that the object sought to be accomplished by the parties when they inserted this language in their contract is for any reason incapable of accomplishment by the remedy of specific performance, it follows that the entire contract is likewise incapable of such enforcement.

The clause in question has a manifest infirmity in one or more of the three following particulars, to-wit:

It contemplates the employment of the plaintiff by the corporation of which the control was, under the contract, to pass from plaintiff to defendants by the transfer of a majority of the capital stock from the former to the latter. Such a contract to procure corporate action without regard to the interest of the minority stockholders is clearly against public policy, and void. And if so, an important part of the consideration which the defendants obviously supposed themselves to be bargaining for, fails.

On the other hand, if the covenant be construed as binding upon the plaintiff, it is a contract for the performance of personal services by him, and hence under the well known rule of equity, unenforceable by specific performance.

Finally, if the covenant in question be one in form of words only or merely unilateral in its obligation, it is likewise unenforceable by specific performance.

Thus upon any view the concluding clause of this contract being neither separable from, not specifically enforceable in connection with, the remainder thereof, the entire contract is necessarily rendered incapable of specific performance in equity.

We have deemed it more important to announce our conclusion now than to wait until we could cite and review at length the authorities which we have examined.